A90A1827. In the Interest of C. R. D., a child.

(398 SE2d 845)

Beasley, Judge.

C. R. D., a minor, admitted to charges of theft by shoplifting, OCGA § 16-8-14, and accessing computers for fraudulent purposes, OCGA § 16-9-93. The juvenile court entered an order of probation with the condition that C. R. D. be required to pay $8,000 in restitution; he was to submit all monies earned while under court supervision. The order further contained the provision that C. R. D.'s parents were to pay $100. per month toward payment of the restitution, commencing when the father obtained a job paying in excess of $20,000 per year and when the mother earned an income exceeding $30,000 per year.

1. It is contended that the juvenile court was without statutory jurisdiction or authority to impose a restitution requirement on his parents.

OCGA § 15-11-35 (a) (5) grants to the juvenile court the power to issue "[a]n order requiring that the child make such restitution as defined in paragraph (7) of Code Section 17-14-2." The latter defines "restitution" as something paid or performed by the "offender." In making the parents liable for the restitution, the court apparently relied upon the last sentence of the aforesaid subsection (5) which states that "[p]ayment of funds under this paragraph shall be made by the child or his or her family or employer directly to the clerk of the juvenile court entering the order. . . ."

"Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation. [Cit.]" *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186). The plain language of OCGA § 15-11-35 (a) (5) fixes the restitution obligation on the juvenile, the offending party. This is in keeping with the declared public policy of restitution by "those found guilty of crimes" to those he or she has victimized. OCGA § 17-14-1. See also OCGA § 42-8-35 (7). To interpret the sentence quoted above as also conferring liability for restitution on the parents would require permitting the juvenile court to impose such obligation also on the child's employer or on other family members. We could not attribute such an intention to the legislature. Legislative creation of a right in tort against parents and guardians for the malicious acts of a minor child, see OCGA § 51-2-3, is not authority to divert the criminal responsibility for restitution from the offending juvenile to his or her parents or guardians or to impose a criminal penalty on them.

If the legislature had intended to make parents liable for restitution for losses incurred by their minor children, it could and should

have so stated. It did grant the juvenile court the power to order parents or other persons legally obligated to care for and support the juvenile to pay certain costs and expenses if financially able, after due process is afforded. OCGA § 15-11-56 (b). Restitution is not listed.

The reasonable reading of the concluding language of OCGA § 15-11-35 (a) (5) is that it specifies acceptable means or conduits by which the money owed by the juvenile offender may be paid, i.e., the mechanics of forwarding the restitution funds to the court. It is a statement of practical administrative convenience deemed necessary to implement restitution. It does not independently broaden restitution liability.

That portion of the juvenile court's order of probation directing that restitution be paid by C. R. D.'s parents must be stricken.

2. The determination in Division 1 makes it unnecessary to address the remaining contention that the restitution directive to the parents violated their state and federal due process rights.

*Judgment reversed in part and case remanded. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 14, 1990.

*Crumbley & Crumbley, James T. Chafin III*, for appellant.
*Tommy K. Floyd, District Attorney, Gregory A. Futch, Assistant District Attorney*, for appellee.